**Pasha S. ANWAR, et al., Plaintiffs,**

v.

**FAIRFIELD GREENWICH LIMITED, et al., Defendants.**

**No. 09 Civ. 0118(VM).**

United States District Court, S.D. New York.

Nov. 8, 2013.

Adam S. Deckinger, Eli Justin Glasser, Jonathan Edgar Pollard, Sashi Bach Boruchow, Stuart Harold Singer, Susan E. Klock, Boies, Schiller & Flexner LLP, Fort Lauderdale, FL, Matthew W. Cheney, Crowell & Moring LLP, Washington, DC, David A. Barrett, Howard L. Vickery, II, Boies, Schiller & Flexner, LLP, Natalie Marie MacKiel, Robert Craig Finkel, Wolf Popper LLP, Victor E. Stewart, Lovell, Stewart, Halebian LLP, Christopher Lovell, Jody Krisiloff, Lovell Stewart Halebian Jacobson LLP, Robert Alan Wallner, Milberg LLP, William M. O'Connor, Thompson & Knight, LLP, New York, NY, for Plaintiffs.

Richmon Company Ltd., pro se.

Positano Investment Ltd., pro se.

Mark Geoffrey Cunha, Michael Joseph Chepiga, Simpson Thacher & Bartlett LLP, New York, NY, for Defendant.

### DECISION AND ORDER

VICTOR MARRERO, District Judge.

On July 8, 2013, Magistrate Judge Frank Maas, to whom this case was referred for supervision of pretrial proceedings, issued a discovery order (the "Order"), a copy of which is attached and incorporated to this Decision and Order, granting a request by Plaintiffs to compel testimony by Renger Boonstra ("Boonstra"), an unlicensed in-house lawyer at Citco Bank Nederland, and overruling claims of attorney-client privilege by defendants The Citco Group Ltd., Citco Fund Services (Europe) B.V., Citco (Canada) Inc., Citco Global Custody N.V., Citco Bank Nederland N.V. Dublin Branch, and Citco Fund Services (Bermuda) Ltd. (collectively, the "Citco Defendants" or "Citco"). *See Anwar v. Fairfield Greenwich Ltd.* ("Discovery Order"), —— F.R.D. ——, No. 09 Civ. 0118, 2013 WL 3369084 (S.D.N.Y. July 8, 2013).

Before the Court are the objections of the Citco Defendants, filed pursuant to Federal Rule of Civil Procedure 72(a), to the Order. The relevant facts and prior proceedings are discussed in Magistrate Judge Maas's decision, familiarity with which is assumed. *See Discovery Order,* —— F.R.D. at ——, 2013 WL 3369084, at *1. For the reasons discussed below, the Citco Defendants' objections are denied and the Order is affirmed.

### I. STANDARD OF REVIEW

A district court evaluating a magistrate judge's order with respect to a matter not dispositive of a claim or defense may adopt the magistrate judge's findings and conclusions as long as the factual and legal bases supporting the ruling are not clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); *Thomas v. Arn,* 474 U.S. 140, 149, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). "Pretrial discovery matters, 'including those regarding privilege issues, are non-dispositive matters.'" *Gruss v. Zwirn,* No. 09 Civ. 6441, 2013 WL 3481350, at *5

(S.D.N.Y. July 10, 2013) (*quoting Eisai Ltd. v. Dr. Reddy's Labs., Inc.,* 406 F.Supp.2d 341, 342 (S.D.N.Y.2005)). A district judge, after considering any objections by the parties, may accept, set aside, or modify, in whole or in part, the findings and recommendations of the magistrate judge with regard to such matters. *See* Fed.R.Civ.P. 72(a); *see also DeLuca v. Lord,* 858 F.Supp. 1330, 1345 (S.D.N.Y. 1994).

■ "Magistrate judges are given broad latitude in resolving discovery disputes, including questions of privilege." *Gruss,* 2013 WL 3481350, at *5 (*quoting Thompson v. Keane,* No. 95 Civ. 2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996)). "[T]hat reasonable minds may differ on the wisdom of granting [a party's] motion is not sufficient to overturn a magistrate judge's decision." *Tiffany & Co. v. Costco Wholesale Corp.,* No. 13 Civ. 1041, 2013 WL 5677020, at *1 (S.D.N.Y. Oct. 18, 2013) (second alteration in original) (internal quotation marks omitted). "Thus, [t]he party seeking to overturn a magistrate judge's decision ... carries a heavy burden." *Leviton Mfg. Co., Inc. v. Greenberg Traurig LLP,* No. 09 Civ. 08083, 2011 WL 2946380, at *1 (S.D.N.Y. July 14, 2011) (alteration in original) (internal quotation marks omitted) (denying defendants' Rule 72(a) objections and affirming magistrate judge's determination on attorney-client privilege and document production).

## II. *DISCUSSION*

The Court has reviewed the Order, the Citco Defendants' objections (Dkt. Nos. 1160, 1198), and Plaintiffs' response to the objections (Pls.' Mem. of Law in Opp'n to the Citco Defs.' Rule 72(a) Objections to Magistrate Judge Maas' July 8, 2013 Disc. Order, filed under seal, *see* Dkt. No. 1182), as well as the documents accompanying the parties' submissions regarding this matter and the amicus letter submitted on behalf of the Association of Corporate Counsel (Dkt. No. 1194).[1] The Court is not persuaded that the Order is clearly erroneous or contrary to law, and therefore accords it the substantial deference due to a magistrate judge's discovery orders. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.,* 900 F.2d 522, 525 (2d Cir.1990). Accordingly, the Court affirms the Order based on the pertinent findings, reasoning, and controlling authority upon which it is grounded.

### A. *CHOICE OF LAW ANALYSIS*

In granting Plaintiffs' motion to compel Boonstra's testimony, Magistrate Judge Maas properly rejected Citco's privilege assertions under United States and Dutch law. *See Discovery Order,* —— F.R.D. at ——, 2013 WL 3369084, at *1 ("There is no need to resolve th[e] question" of whether Mr. Boonstra's communications touch base with the United States or the Netherlands "because the same result ob-

---

**1.** The Court received Plaintiffs' letter (Dkt. No. 1202) in response to the September 18, 2013 amicus letter and the Citco Defendants' reply brief, as well as the Citco Defendants' letter dated October 11, 2013 in response to Plaintiffs' letter. The Court notes that Plaintiffs' letter is a sur-reply filed without permission of the Court and does not identify new controlling law, and therefore will not be considered. *See* Indiv. Practices of U.S. Dist. Ct. J. Victor Marrero, S.D.N.Y., at 3 ("Sur-reply memoranda will not be accepted without prior permission of the Court and then only in the rare instances in which new controlling law is promulgated after the filing of the reply papers."). Additionally, the Court received and considered letters from Plaintiffs and the Citco Defendants, dated October 28, 2013 and November 4, 2013, respectively, concerning Judge Scheindlin's recent opinion in *Wultz v. Bank of China Ltd.,* 979 F.Supp.2d 479, No. 11 Civ. 1266, 2013 WL 5797114 (S.D.N.Y. Oct. 25, 2013).

tains whether the communications 'touch base' here or in the Netherlands.").

■ Judge Maas properly stated the applicable legal standard for determining which country's law to apply to a privilege dispute involving foreign attorney-client communications. *See Discovery Order,* —— F.R.D. at ——, 2013 WL 3369084, at *1. In making such a choice of law determination, courts in this Circuit consider the country with which the communications "touch base." *See Gucci Am., Inc. v. Guess?, Inc.* ("*Gucci I*"), 271 F.R.D. 58, 64–65 (S.D.N.Y.2010). In this analysis, a court should "apply the law of the country that has the predominant or the most direct and compelling interest in whether [the] communications should remain confidential, unless that foreign law is contrary to the public policy of this forum." *Astra Aktiebolag v. Andrx Pharms., Inc.,* 208 F.R.D. 92, 98 (S.D.N.Y.2002) (internal quotation marks omitted). "The jurisdiction with the predominant interest is either the place where the allegedly privileged relationship was entered into or the place in which that relationship was centered at the time the communication was sent." *Id.* (internal quotation marks omitted). Communications concerning legal proceedings in the United States or advice regarding United States law are typically governed by United States privilege law, while communications relating to foreign legal proceedings or foreign law are generally gov-

erned by foreign privilege law. *See Gucci I,* 271 F.R.D. at 65.

■ Judge Maas's ruling was not clearly erroneous in finding that Boonstra's communications could touch base with either the United States or the Netherlands and that the result would be the same in either case.[2] Based on the record before it, the Court finds that Magistrate Judge Maas could correctly conclude, under either the "legal proceedings in the United States" or "advice regarding American law" prong of the *Gucci I* test, at least some portion of the communications touch base with the United States because some of Boonstra's communications could have concerned United States-based litigation stemming from the Madoff scheme. *See, e.g.,* Boonstra Decl. ¶ 5 ("Between 2000 and 2008, I was asked to provide (and, in response, rendered) legal advice on a variety of issues regarding the Fairland funds.").

At the same time, the Court finds that Magistrate Judge Maas could correctly conclude, under the "communications relating to foreign legal proceedings or foreign law" prong of the *Gucci I* test, the communications touched base with the Netherlands. *See, e.g., id.* ("... I was asked to provide (and, in response, rendered) legal advice ... with respect to the terms, obligations and provisions of [several legal agreements]—each of which is governed by Dutch law."). Furthermore, Magistrate Judge Maas could correctly

---

**2.** Magistrate Judge Maas stated that "Mr. Boonstra's communications likely 'touch base' with the United States because they are related to legal issues arising out of the Citco Defendants' role in the administration of key feeder funds involved in the Madoff scheme." *Discovery Order,* —— F.R.D. at ——, 2013 WL 3369084, at *1. However, Magistrate Judge Maas also stated his conclusion that "[i]f the Plaintiffs are correct that Dutch law applies, the Boonstra communications plainly are not privileged." *Id.* at ——, 2013 WL 3369084,

at *2. Under the choice of law rules in *Gucci I,* which Magistrate Judge Maas clearly considered, a statement that Dutch law applies is equivalent to a determination that the communications at issue touch base with the Netherlands. Thus, while the Order does not state explicitly that the communications might touch base with the Netherlands, the decision's alternative grounds based on Dutch law makes clear that Magistrate Judge Maas considered the possibility that the communications touched base with the Netherlands.

conclude that the Netherlands is the country with the predominant or the most direct and compelling interest in whether the communications at issue should remain confidential. The Netherlands is the jurisdiction where the relationship between Boonstra and his employer was entered into and the place in which that relationship was centered at the time of the communications at issue. *See id.* ¶ 3 ("For the past sixteen years, I have served as an in-house attorney for Citco Bank, a Dutch banking company, in Amsterdam, The Netherlands."); *id.* ¶ 4 ("Today, I am the most senior lawyer at Citco Bank.... In this capacity, I provide various legal services to Citco Bank, including ... responding to requests for legal advice on issues involving Dutch banking, contract and commercial law."). Therefore, Magistrate Judge Maas's determination that the communications at issue could be considered to have touched base with either the United States or the Netherlands was not clearly erroneous or contrary to law.

## B. *PRIVILEGE ANALYSIS*

The Court does not find clearly erroneous or contrary to law the Magistrate Judge's ruling that if indeed the communications at issue touched base with the United States and therefore United States law governs privilege, the communications with Boonstra are not privileged and must be disclosed to Plaintiffs. The general rule under United States law is that only communications between a represented party and that party's licensed attorneys are subject to attorney-client privilege. *See, e.g., Wultz v. Bank of China Ltd.,* 979 F.Supp.2d 479, 486–88, No. 11 Civ. 1266, 2013 WL 5797114, at *3 (S.D.N.Y. Oct. 25, 2013) ("In order to prevail on an assertion of the attorney-client privilege the party invoking the privilege must show that: ... (2) the person to whom communication was made (a) is a member of the bar of a court,

or his subordinate"); *see also Malletier v. Dooney & Bourke, Inc.,* No. 04 Civ. 5316, 2006 WL 3476735, at *17 (S.D.N.Y. Nov. 30, 2006) ("American law ... gives no protection to the communications of an unlicensed attorney.").

The parties here agree that Boonstra is not a licensed attorney. *See* Deckers Decl. ¶ 9; Pls.' Mem. at 1. The Citco Defendants, however, contend that the communications between Boonstra and Citco are privileged because, even though Boonstra was unlicensed, Citco had a "reasonable belief" that Boonstra was its attorney. As Magistrate Judge Maas properly stated, "[n]otwithstanding the general rule that the attorney client privilege applies only to licensed attorneys, courts have found communications with non-attorneys to be privileged in limited circumstances in which the client 'reasonab[ly] believe[s] that the person to whom the communications were made was in fact an attorney.'" *Discovery Order,* —— F.R.D. at ——, 2013 WL 3369084, at *2 (alterations in original) (quoting *Gucci Am., Inc. v. Guess?, Inc.* ("*Gucci II* "), No. 09 Civ. 4373, 2011 WL 9375, at *2 (S.D.N.Y. Jan. 3, 2011)); *see also In re Grand Jury Subpoena Duces Tecum,* 112 F.3d 910, 923 (8th Cir.1997) (collecting cases in which a party's reasonable mistake of fact provides exception to general rule that only communications with a licensed attorney representing that party are covered by attorney-client privilege); *United States v. Rivera,* 837 F.Supp. 565, 568 n. 1 (S.D.N.Y.1993) ("It is common ground among the parties that the attorney-client privilege attaches to confidential communications made to an individual in the genuine, but mistaken, belief that he is an attorney.").

Magistrate Judge Maas adequately distinguished the facts of *Gucci II,* concerning an attorney who had been previously admitted to the bar but whose bar mem-

bership status had lapsed, *see Gucci II,* 2011 WL 9375, at \*2, from the facts in the present case. Boonstra is not, and has never been, licensed in any jurisdiction and has neither held himself out to be a licensed attorney nor performed acts suggesting to his employer that he was admitted to the Netherlands bar. *See Discovery Order,* —— F.R.D. at ——, 2013 WL 3369084, at \*2. The Court finds ample evidence to support Magistrate Judge Maas's conclusion that the Citco Defendants could not credibly claim a reasonable mistake as to Boonstra's status as a licensed attorney. The Order notes the affirmative obligation under Dutch law that the employer of a licensed in-house attorney sign a professional charter committing the employer to honor its attorney's independence. *See In re X/Stichting H9 Invest,* Hoge Raad der Nederlanden [Supreme Court of the Netherlands], 15 Mar. 2013, LJN BY6101 (Neth.) (*citing* Art. 3(3) of the Practicing In–House Regulation of Nov. 27, 1996). The Court finds persuasive Magistrate Judge Maas's conclusion that "the Citco Defendants cannot credibly argue that they were reasonably mistaken as to Mr. Boonstra's licensure status." *Discovery Order,* —— F.R.D. at ——, 2013 WL 3369084, at \*2.

█ Nor does the Court find clearly erroneous or contrary to law the Magistrate Judge's ruling that if, in the alternative, the communications at issue touch base with the Netherlands and therefore Dutch law governs privilege, the communications with Boonstra are still not privileged and nonetheless must be disclosed to Plaintiffs. In objecting to the Order, the Citco Defendants acknowledge that "it is true that The Netherlands does not recognize as privileged communications between a Dutch company and its unlicensed in-house legal counsel." Deckers Decl. ¶ 9.

Notwithstanding such admission, Citco essentially argues that the documents sought are protected from discovery not as the result of attorney-client privilege, but rather, on the basis that Dutch law provides only for "severely restricted" document discovery. *See* Dkt. No. 1198 at 3; Deckers Decl. ¶ 9 ("Under Dutch law, ... there is no general obligation for parties to disclose unspecified documents for purposes of what is known in Common Law jurisdictions as *discovery.*") (emphasis in original); *id.* ¶ 10 ("Compulsory document *disclosure* is available in The Netherlands, but only under very limited circumstances ...") (emphasis in original). The Court has considered these arguments and finds them unpersuasive for the same reasons that they failed to convince Magistrate Judge Maas. The Court finds that the Order was not clearly erroneous or contrary to law in determining that the documents should be disclosed.

Plaintiffs argue credibly that the Netherlands does, in fact, have an active document production culture which creates the possibility that documents between a corporation and unlicensed, in-house counsel will have to be disclosed. *See* Eijsbouts Decl. ¶ 7; Koppenol–Laforce Decl. ¶ 56. Plaintiffs support their assertion with Netherlands statutes and cases that demonstrate a developed procedure for requesting and ordering document production on vast quantities of documents covering broad time periods and subjects. *See* Koppenol–Laforce Decl. ¶¶ 20–25, 39–44 (citing numerous articles and statutes). In addition, Plaintiffs present articles to the Court, including a piece written by Citco's expert, Michel Deckers, and his law partner, which confirm that document production is an accepted part of litigation in the Netherlands. *See, e.g.,* Michel Deckers & Berth Brouwer, *Country Q & A: The Netherlands,* in 1 *Dispute Resolution Handbook*

*2008–2009* 211, 214 (Practical Law Comp. ed., 2009), *available at* http://www.boekel. com/media/92762/plc% 20Error% 20resolution% 20handbook% 202008–2009.pdf ("It is also possible for parties involved to order inspection of, or identical copies of, certain documents concerning a legal relationship in which the party or his predecessors are involved."); Frederieke J. Leeflang, *Getting the Deal Through—Private Antitrust Litigation* 86, 88 (2010), *available at* http://www.boekel.com/media/ 88792/getting% 20the% 20deal% 20through% 20def.pdf ("Communications between in-house counsel and, for example, the board of directors of the company they work for, may have to be disclosed in civil proceedings.").

A variety of provisions of the Dutch Code of Civil Proceedings ("DCCP") and Dutch Civil Code ("DCC") require document disclosure in specific situations. *See* Koppenol–Laforce Decl. ¶¶ 21–24 (listing specific provisions of the DCC and DCCP compelling document disclosure). The general rule stated in the DCCP is that "[a]ny person with a legitimate interest may demand inspection, copies or extracts of certain documents concerning a legal relationship in which he or his predecessors is involved from any person who has such documents in his control or possession." Article 843a(1) DCCP; *see* Koppenol–Laforce Decl. ¶ 25. Furthermore, a party who does not comply with a court's document production order is subject to monetary penalties. *See* Art. 611a DCCP; Koppenol–Laforce Decl. ¶ 27. In such an instance, the court is entitled to draw adverse inferences against the non-complying party. *See* Art. 22 DCCP; Koppenol–Laforce Decl. ¶ 26.

Indeed, Dutch law allows wide-ranging document disclosure. The DCCP requires that the party seeking disclosure describe its request with "sufficient clarity" but does not necessitate detailed identification of the name, date, or contents of requested documents. *See* Art. 843a; Koppenol–Laforce Decl. ¶ 37. In keeping with this requirement, Dutch courts have ordered production of broad categories, such as "minutes of various board meetings," *Pryford Inv./Center Parcs N.V.,* [Dist. Ct. Rotterdam], 3 Oct. 1996, JOR 1996, 122 ¶ 5.10–5.11 (Neth.), "all documents regarding plaintiff's contractual relations with the . . . company, suppliers, or the defendant," *Jonkman/Dekker,* [Dist. Ct. Groningen], 22 Nov. 2002, NJ 2003, 102 ¶ 6 (Neth.), and "all correspondence," *Theodoor Gilissen Bankiers,* 2012:BW9244, Hoge Raad der Nederlanden [HR] [Supreme Court of the Netherlands], 26 Oct. 2012, NJ 2013, 220 ¶ 3.8.2 (Neth.). Moreover, document production is not strictly limited by quantity or time period. *See* Koppenol–Laforce Decl. ¶¶ 45–46.

Defendants contend that pre-trial discovery is not allowed in the Netherlands, citing the Netherlands accession to Article 23 of the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters of 1972 ("Article 23") to support its position. Deckers Decl. ¶ 9. However, although Article 23 permits the Netherlands to disregard Hague Requests from foreign countries seeking "pre-trial" discovery from a person in the Netherlands, *id.,* the meaning of the phrase "pre-trial" in that context differs from its use in the American legal system. The Supreme Court of the Netherlands dispelled confusion over the definition of the American phrase "pre-trial" by clarifying that, in the Netherlands, "pre-trial" means the time *before* a proceeding is commenced. *See Kilbarr Corp./Holland,* Hoge Raad der Nederlanden [HR] [Supreme Court of the Netherlands], 11 March 1994, NJ 1995 (Neth.), 3 ¶ 3.4; Koppenol–Laforce Decl. ¶¶ 32–33. Thus, the text of Article 23 should not be construed to suggest that

the Netherlands forbids document disclosure once a case is filed.

In light of the extensive evidence mentioned above, Magistrate Judge Maas could correctly conclude that Dutch law provides for document disclosure in an active case. Plaintiffs have compellingly demonstrated that an environment of regular and extensive unprivileged document production exists in the Netherlands. Therefore, the Court is not persuaded that in discrediting Citco's claims that Dutch discovery rules are much more limited than those of the United States, with the result Citco seeks that Boonstra's communications would be protected from disclosure, Magistrate Judge Maas's ruling was clearly erroneous or contrary to law.

For the reasons stated above and on basis of the authority cited by Magistrate Judge Maas, the Court dismisses the Citco Defendants' objections to the Order.

### III. *ORDER*

For the reasons stated above, it is hereby

ORDERED that the objections of defendants The Citco Group Ltd., Citco Fund Services (Europe) B.V., Citco (Canada) Inc., Citco Global Custody N.V., Citco Bank Nederland N.V. Dublin Branch, and Citco Fund Services (Bermuda) Ltd. to the Discovery Order of Magistrate Judge Maas dated July 8, 2013 (Dkt. No. 1160) are DENIED and that Order is AFFIRMED.

**SO ORDERED.**